■ RICHARD A. WILLIAMSON, as Successor Liquidating Trustee on Behalf of LIPPER CONVERTIBLE, L.P. and LIPPER FIXED INCOME FUND, Appellant, v KENNETH LIPPER, Respondent. [849 NYS2d 775]—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered April 28, 2006, which granted defendant's motion to stay the action and compel arbitration, unanimously affirmed, without costs.

The trustee, although not a party to the agreement, is bound by the arbitration clause in the Lipper Convertibles limited partnership agreement signed by the general partner and the limited partners. We note that the agreement specifically contemplates liquidation and the appointment of a trustee, and its broad arbitration clause does not exclude claims brought in such capacity. The claims brought on behalf of Lipper Fixed Income Fund, whose own agreement lacks an arbitration clause, are also subject to arbitration, since such interrelated claims are brought in its capacity as a limited partner in Lipper

Convertibles (*cf. Rosenbach v Diversified Group, Inc.*, 39 AD3d 271 [2007]). Concur—Lippman, P.J., Mazzarelli, Friedman and Sweeny, JJ. [*See* 2006 NY Slip Op 30297(U).]